J-S41041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY STOVER | : | |
| | : | |
| Appellant | : | No. 2424 EDA 2017 |

Appeal from the PCRA Order July 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1002462-1986

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED JULY 31, 2018**

Appellant, Gregory Stover, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA")[1] and denied his request for *habeas corpus* relief. We affirm.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> DOES THE RESIDUAL CLAUSE OF 18 PA.C.S. § 2502(B) VIOLATE CONSTITUTIONAL PROTECTIONS FOR DOCTRINE OF VAGUENESS BY FAILING TO PROVIDE APPROPRIATE NOTICE REQUIREMENTS AND ARBITRARILY CREATING A CLASS OF PEOPLE WHO HAVE BEEN SUBJECT TO CONDUCT VIOLATIONS WHICH THE LAW DOES NOT MAKE CRIMINAL WITHIN ITS SCHEME?

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\* Former Justice specially assigned to the Superior Court.

DOES THE FAILURE TO POSSESS A FINAL ENACTMENT DATE IN LEGISLATIVE ACT 1974, MARCH 26, NO. 46 CONSTITUTE A PROCEDURAL DEFECT, WHICH RENDERS SUCH ACT VOID FOR NEVER HAVING BEEN PROPERLY PASSED UNDER THE VOID *AB INITIO* DOCTRINE?

DOES AMENDMENT AT 42 PA.C.S. § 9764(C.1)(3), AND JUDICIAL ENLARGEMENT OF SAME, CONFER A SUBSTANTIVE RIGHT ON THE D.O.C. TO RETROACTIVELY ENFORCE DETENTION THROUGH USE OF A COURT COMMITMENT FORM (DC-300B) RECEIVED PRIOR TO STATUTE'S FINAL ENACTMENT DATE VIOLATE, LAWS OF RETROACTIVITY; PA. CONSTITUTION; AND SUBSUMES IMPROPER PROCEDURES CLAIM OF JUDICIALLY CREATED LIFE IMPRISONMENT, ABSENT COURT ORDER, CONSTITUTES ILLEGAL DETENTION THAT EXCEEDS ANY LEGISLATIVELY IMPOSED MAXIMUM LIMIT AUTHORIZED BY STATUTE?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Tracy Brandeis-Roman, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** PCRA Court Opinion, filed October 4, 2017, at 2-6) (finding: Appellant's current serial PCRA petition is facially untimely; in effort to invoke "new constitutional right" time-bar exception, Appellant relies on ***Alleyne v. United States*** and ***Commonwealth v. Hopkins***;[2] neither

---

[2] ***See Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact that increases mandatory minimum sentence for crime is considered element of crime for fact-finder to find beyond reasonable

case, however, announced new constitutional right that has been held to apply retroactively to untimely petitions on collateral review;[3] Appellant also relies on *Johnson v. United States* and *Welch v. United States*;[4] nevertheless, Appellant cites no authority holding that *Johnson* and *Welch* satisfy "new constitutional right exception" to PCRA time-bar where PCRA petitioner was sentenced under **state** statutes;[5] Appellant's remaining claims challenging his conviction or sentence, which were cognizable under PCRA, are time-barred with no exception pled; regarding Appellant's claim raised in writ of *habeas corpus* that Department of Corrections ("DOC") lacks legal authority for Appellant's continued detention due to absence of written sentencing order, record confirms court sentenced Appellant on November 21, 1988, copy of

---

doubt) and *Commonwealth v. Hopkins*, 632 Pa. 36, 117 A.3d 247 (2015) (holding mandatory minimum under 18 Pa.C.S.A. § 6317(a) (regarding drug delivery in school zone) is unconstitutional under *Alleyne*).

[3] In any event, Appellant was not subject to a mandatory minimum sentence under Section 6317(a), so *Alleyne* and *Hopkins* are inapplicable to his case.

[4] *See Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (holding "residual clause" of federal Armed Career Criminal Act of 1984, which permits increased sentences for individuals who have committed three or more "violent felonies," including any felony that involves conduct that presents serious potential risk of physical injury to another, is unconstitutionally vague) and *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (holding *Johnson* announced new substantive rule that applies retroactively to cases on collateral review).

[5] *See Commonwealth v. Spotz*, ___ Pa. ___, 171 A.3d 675 (2017) (holding neither *Johnson* nor *Welch* affords appellant relief because he was not sentenced under federal Armed Career Criminal Act; *Johnson* and *Welch* apply only to federal prisoners sentenced under relevant federal statute).

sentencing order is in Clerk of Courts, and docket reflects pronouncement of Appellant's sentence; moreover, even in absence of written sentencing order, DOC retains detention authority; Appellant's claims merit no relief). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/18

**COURT OF COMMON PLEAS OF PHILADLEPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | |
|---|---|
| **COMMONWEALTH OF**<br>**PENNSYLVANIA**<br><br>**v.**<br><br>**GREGORY STOVER** | CP-51-CR-1002462-1986 Comm. v. Stover, Gregory<br>Opinion<br><br>8031315791<br><br>**CP-51-CR-1002462-1986**<br>**2424 EDA 2017** |

**OPINION**

**TRACY BRANDEIS-ROMAN, J.**                    **Date: October 4, 2017**

This appeal comes before the Superior Court following the denial of a petition for writ of habeas corpus and the dismissal of a Post Conviction Relief Act (hereinafter referred to as "PCRA")[1] petition. On July 17, 2017, the court dismissed the PCRA petition and denied habeas corpus relief for the reasons set forth below.

## I.    PROCEDURAL HISTORY

Gregory Stover (hereinafter referred to as "Petitioner") was found guilty by a jury of second degree murder, robbery, and criminal conspiracy before the Honorable Robert A. Latrone. On November 21, 1988, Judge Latrone sentenced Petitioner to life imprisonment without the possibility of parole. The Superior Court affirmed the judgement of sentence on October 24, 1990. The Supreme Court denied *allocatur* on October 17, 1991.

Petitioner filed his first *pro se* PCRA petition on January 14, 1997. Counsel was appointed, and upon review, filed a "no merit" letter pursuant to *Finley/Turner*.[2] The PCRA court accepted the "no merit" letter, conducted an independent review, and eventually denied the petition on

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1

January 14, 1998. The Superior Court affirmed the denial on January 16, 1999, and the Supreme Court denied *allocatur* on November 14, 1999.

Petitioner filed three additional requests for post-conviction relief; all were unsuccessful. The instant petition, his fourth, was filed on December 24, 2014, followed by twenty-one supplemental filings before the court filed a 907 notice of intent to dismiss on May 23, 2017. Petitioner thereafter filed a Response to the 907 notice on May 31, 2017. After a comprehensive review of Petitioner's copious submissions, the court found all of his claims untimely, without exception, and his habeas petition meritless. Therefore, the court dismissed the petition as untimely and denied habeas corpus relief on July 17, 2017. On July 24, 2017, Petitioner filed a timely notice of appeal to the Superior Court.

## II. DISCUSSION

Petitioner's PCRA petition challenging the constitutionality of his sentence was facially untimely. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final on or about January 17, 1992, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for seeking a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.* § 9545(b)(3); U.S.Sup.Ct.R. 13 ("a petition for a writ of certiorari to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). A timely

PCRA petition would have been filed within one year of the judgement of sentencing becoming final. 42 Pa. Cons. Stat. § 9545(b)(1). His petition, filed on December 24, 2014 was therefore manifestly untimely by over twenty-one (21) years.[3]

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. *Id.* To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In an effort to invoke the "newly-recognized constitutional right" statutory exception, 42 Pa. Cons. Stat. § 9545(b)(1)(iii), Petitioner presented the Pennsylvania Supreme Court's decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) and the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* PCRA petitions, 2/25/16 and 5/24/16. Neither case, however, announced a new constitutional right that has been held to apply retroactively to untimely petitions on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 813-820 (addressing the retroactivity of *Alleyne*); *see also Commonwealth v.*

---

[3] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super. 1997) (holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing). Petitioner's most recently filed PCRA petition was neither his first nor was it filed within one year of the date the amendment took effect. His petition, therefore, did not qualify for this grace period.

3

*Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) ("the *Hopkins* decision did not announce a 'new rule;' rather, the Court simply assessed the validity of section 6317 under *Alleyne*. . . ."). Furthermore, Petitioner failed to invoke either *Alleyne* or *Hopkins* within sixty days of the date they were decided, namely June 17, 2013 and June 15, 2015 respectively. *See* 42 Pa. Cons. Stat. § 9545(b)(2).

Petitioner additionally argued lack of statutory authority to support his life sentence due to a procedural defect in 18 Pa. Cons. Stat. § 1102.[4] Petitioner averred that his claim can be heard pursuant to a "newly recognized" constitutional right and cited *Welch v. United States*, 136 S. Ct. 1257 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2016).[5] Petitioner was mistaken. Both these cases altered the range of conduct or the class of persons that the Armed Career Criminal Act punishes, and Petitioner failed to cite to any authority holding that *Welch* and *Johnson* created a new constitutional right that applied retroactively to grant relief to those convicted of murder pursuant to Pennsylvania's murder statue.

Petitioner filed a number of filings structured in what appears to be a civil action.[6] In so far as Petitioner is attacking his conviction or sentence in order to obtain post-conviction relief, his claims are untimely and he failed to invoke an exception. 42 Pa. Cons. Stat. § 9542 (stating PCRA

---

[4] Petitioner raised this claim in his filings of 6/22/16, 12/28/16, and 4/5/17 as well as his Response to the 907 Notice of 5/31/17. To the extent Petitioner endeavored to raise his *Welch/Johnsons* under the guise of a writ of habeas corpus, his efforts were futile. These claims are cognizable under the PCRA and must be reviewed under the Act. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998); 42 Pa. Cons. Stat. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy be had by post-conviction hearing proceedings authorized by law.").

[5] In *Welch*, the United States Supreme Court, considering its prior holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that the imposition of an increased sentence under the federal Armed Career Criminal Act's residual clause violated the defendant's due process rights, concluded that *Johnson* announced a new substantive rule that has retroactive effect on cases under collateral review. *Welch*, 136 S. Ct. 1257, 1295 (2016) (citation and quotation marks omitted). This ruling has not been held to grant collateral relief to those applying under Pennsylvania's PCRA statute. *See generally Commonwealth v. Washington*, 142 A.3d 810, n. 11 (Pa. 2016) (declining to apply the reasoning of *Welch* and hold *Alleyne* retroactive to cases on collateral review).

[6] *See* Writ of Habeas Corpus, 12/24/14; Supplement to Writ of Habeas Corpus, 1/5/15, *Pro se* Correspondence, 1/15/15, Notice of Praecipe to Enter Default Judgment, 1/29/15; Writ of Mandamus, 1/29/15; Motion for Rule to Show Cause, 3/9/15; Case Correspondence, 4/17/15; and *Pro se* Correspondence, 4/23/15; Motion for Recusal, 5/12/16.

4

shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000) ("As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.")

The PCRA court did, however, evaluate Petitioner's claim raised in his writ of habeas corpus claiming that the Department of Corrections ("DOC") lacked legal authority for his continued detention due to the lack of a written sentencing order, in contravention of 42 Pa. Cons. Stat. § 9764(a)(8) and 37 Pa. Code § 91.3.[7] *See Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014) (concluding that the PCRA did not subsume an illegal-sentence claim based on the inability of the Department of Corrections to produce a written sentencing order). A review of the record confirmed that Petitioner was sentenced on November 21, 1988 by the Honorable Robert A. Latrone to a term of life imprisonment. A copy of the sentencing order is being maintained by the Clerk of Courts of this court, and the docket reflects the pronouncement of sentence. Additionally, the Superior Court has held that even in the absence of a written sentencing order, the DOC retains detention authority. *Id.*

Petitioner's remaining claims interspersed throughout his various petitions can be broadly categorized as raising various claims cognizable under the PCRA.[8] Again, Petitioner has wholly failed to invoke an exception, therefore depriving this court of jurisdiction. *Commonwealth v.*

---

[7] Petitioner raised this claim, or its variation, in his filings of 1/29/15, 12/28/16, 4/5/17, and 5/31/17.

[8] *See* Writ of Habeas Corpus, 1/29/15 at 1-25, 63-73 (attacking the statutory authority for conviction and sentence); *Id.* at 49-62 (arguing the sentence of "life" is void for vagueness); *Id.* at 74-85 (lack of jurisdiction); Writ of Habeas Corpus, 6/22/16 and Response to 907 Notice, 5/31/17 (asserting the sentencing statute for murder is unconstitutional); *Pro se* Correspondence, 2/13/17 (arguing he is subject to an illegal sentence).

5

*Jones,* 932 A.2d 179, 182 (Pa. Super. 2007) (holding that where a petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review); *see also Commonwealth v. Chester,* 895 A.2d 520, 524 (Pa. 2006) (courts have no jurisdiction to review the merits of an untimely PCRA petition).

## III. CONCLUSION

This court has once again evaluated an untimely collateral relief petition filed by Mr. Stover. Petitioner's PCRA petition could not be considered because he failed to satisfy his burden of establishing an exception to the PCRA's statutory time-bar. Furthermore, although falling outside the ambit of the PCRA, Petitioner's challenge to the legality of his detention due to the lack of sentencing order was meritless. Accordingly, for the reasons stated herein, the decision of the court dismissing his untimely PCRA petition and denying habeas corpus relief should be affirmed.[9]

BY THE COURT,

_____
BRANDEIS-ROMAN, J.

---

[9] Mr. Stover has a penchant for inundating this court with filings that can only be categorized as patently frivolous. His actions thwart the true purpose of the PCRA and waste the court's limited time and resources.

6